Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6289 | **DATE** | 2/20/2002 |
| **CASE TITLE** | Fleming vs. United States Retirement Board | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants defendant's motion to dismiss plaintiff's action with prejudice [5-1], terminating the case. All future dates in this case are stricken, including trial date of 5/27/03. Case dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 21 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | 02 FEB 20 PM 2:04 | 2/20/2002 date mailed notice | |
| MD courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDMUND T. FLEMING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01 C 6289 |
| UNITED STATES RAILROAD RETIREMENT BOARD | ) ) ) |
| Defendant. | ) ) |

**DOCKETED FEB 21 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Edmund T. Fleming, alleges in a five count complaint that the United States Railroad Retirement Board ("RRB") violated his rights under the Privacy Act of 1974, 5 U.S.C. §§ 552a *et seq.* ("the Act"), and the Fifth Amendment during the course of an investigation of Fleming relating to suspected misuse of government property while Fleming was employed by the RRB. The jurisdiction of this court, although not alleged, is properly invoked under 5 U.S.C. § 552a(g)(1). Plaintiff seeks damages in excess of $2 million and a declaration that the Inspector General Act of 1978 ("IGA"), Pub. L. 95-452, as codified in 5 U.S.C. App.3, is unconstitutional. Defendant moves to dismiss all counts on the basis of Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted. For the reasons set forth below, the court grants defendant's motion to dismiss plaintiff's action with prejudice.

12

## STANDARDS FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## FACTS AND PROCEDURAL HISTORY[1]

Plaintiff is Chief of the Audit and Compliance section at the RRB headquarters in Chicago. He is also a licensed attorney with a private law practice. According to a Special Agent's Report ("SAR") obtained by plaintiff through a Freedom of Information Act request, the RRB initiated an investigation of plaintiff in March 1999, after receiving an anonymous complaint alleging that plaintiff was conducting his private law practice during official government time. The complainant provided defendant with documents, correspondence, and a computer disc allegedly related to plaintiff's private law practice and allegedly prepared by

---

[1] The facts are taken as true as set out in the complaint and attached exhibits incorporated therein.

2

plaintiff during official government time. Plaintiff believes that the documents and the disc were stolen from his personal effects.

The SAR includes a summary of an interview that two Office of Inspector General ("OIG") agents conducted with plaintiff in September, 1999 as part of the investigation. According to the summary, plaintiff was advised that he was being interviewed for alleged misuse of government time and property. Plaintiff requested that he be represented by Thomas Sadler, a senior attorney at the RRB, during the interview. The agents responded that Mr. Sadler would be representing the RRB in the matter and so he could not represent plaintiff. The agents further advised plaintiff that he could retain his own private counsel prior to the interview. Plaintiff also requested that a union official be present during the interview to which the agents responded that management personnel are not entitled to union representation. Plaintiff then agreed to be interviewed without private legal counsel or a union representative present. After the completion of the SAR, the RRB issued a ten-day suspension to plaintiff for misuse of government time and property.

The RRB summarized its investigation of plaintiff in its semi-annual report to Congress. The RRB's semi-annual report to Congress was distributed through the RRB and placed on its website. The portion of the semi-annual report relating to the RRB's investigation of plaintiff, attached to the complaint, stated:

> During this semiannual period, OI conducted an investigation after receiving an anonymous complaint alleging that an RRB program manager was conducting his private law practice during official government time.
>
> The investigation revealed that, between January 1991 and February 1999, the employee authored approximately 602 documents totaling 3,221 pages. These documents included books, real estate transactions, wills, estate and tort claims, as

3

well as other documents related to legal and personal matters. A substantial amount of work on these documents was performed during official government time using government equipment.

On September 21, 1999, OI presented this case for prosecution to the U.S. Attorney's office for the Northern District of Chicago [*sic*]. The Assistant U.S. Attorney declined criminal prosecution in favor of administrative remedies. On January 4, 2000, the RRB's Chief Financial Officer suspended the employee for ten calendar days. The employee appealed the suspension to the three member RRB Board; the Labor and Management Members denied the grievance and approved the suspension. The agency's Chair case [*sic*] a dissenting vote and indicated that a more severe penalty was warranted.

On or about November 6, 2001, plaintiff filed a five count complaint against the RRB, stemming from the OIG's investigation and the publication of the SAR. Defendant subsequently has moved this court to dismiss the complaint with prejudice.

## DISCUSSION

Count I alleges that RRB intentionally and maliciously published the summary report about plaintiff in a semi-annual report to Congress and on OIG's Internet web site. Although not alleged, plaintiff relies on § 552a(b) of the Privacy Act, (see Mem. in Response at p. 5), which prohibits a federal agency from disclosing "any record which is contained in a system of records . . . except pursuant to . . . the prior written consent of, the individual to whom the record pertains." To state a claim under § 552a(b), plaintiff must show that (a) the information at issue was a "record" contained in a "system of records;" (2) the agency disclosed the information; (3) the disclosure had an "adverse effect" on the plaintiff; and (4) the disclosure was "willful or intentional." *E.g., Barry v. U.S. Dep't of Justice*, 63 F. Supp. 2d 25 (D.D.C. 1999). A "record" is defined in the Act as an item of information about an individual "that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual such as a

4

finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4). Plaintiff concedes that the OIG disclosure did not identify plaintiff in any manner described in § 552a(a)(4), and the RRB cites a case which held that anonymous information similar to that of which plaintiff complains was not a record protected under the Privacy Act. *See Robinson v. U.S. Dept. of Educ.*, No. 87-2554, 1988 WL 22292 (E.D. Pa. Mar. 8, 1988) (letter describing individual's administrative complaint was not a "record" because it did not mention his name). Plaintiff contends, nevertheless, that because his was the only disciplinary case described in OIG's report and because numerous fellow employees who had been questioned by OIG agents knew that plaintiff was being investigated, the fellow employees knew the report referred to plaintiff and through the report learned details (such as that the matter was presented to the U.S. Attorney for possible prosecution) they were not entitled to know. Although the court, for purposes of this motion, reads the term "such as" in the definition as prefacing a nonexclusive list of identifiers, plaintiff's argument is too broad. The RRB's disclosure here would have identified plaintiff only to an individual who had other information that would have caused that individual to infer from the report that plaintiff was the subject of the investigation. If "record" were read this broadly, an agency attempting to comply with the Act would have to investigate what everyone within the agency might know before it could determine whether such information could be disclosed to Congress. It is unlikely that Congress intended such broad applicability of the Act's protections. Plaintiff's arguments that his interest in privacy outweighs the public's need to know is

unfounded, as the Act reflects Congress's balancing of those interests.[2] For these reasons, Count I is dismissed.

Count II claims that the SAR regarding plaintiff was intentionally inaccurate and failed to insure fairness in violation of the Act. Under § 552a(b)(3), an agency "prior to disseminating any record about an individual" must "make reasonable efforts to assure that such records are accurate . . . ." Because the SAR is not alleged to have been disclosed, this claim can prevail only if the published summary is inaccurate because of lack of reasonable effort on the RRB's part. Because plaintiff makes no allegations that the OIG summary was inaccurate, and neither does his responsive memorandum indicate any inaccuracy, Count II is dismissed.

Count III claims that the RRB's disclosure of its investigation to the United States Attorney's office violated the Privacy Act. Plaintiff concedes that the RRB was authorized to disclose information about him under the "routine use" exception of § 552a(b)(3), which for RRB includes disclosure to the Department of Justice or other law enforcement authorities in connection with actual or potential criminal prosecution or civil litigation initiated by the RRB. He argues, however, that because OIG turned over certain of plaintiff's files which had been stolen from him, these documents "would be entitled to Fourth Amendment privacy protection" and they would be outside "a purpose which is compatible with the purpose for which the record was collected." Should plaintiff be arguing that he might have prevailed on a motion to suppress in a criminal prosecution, the argument has no bearing on what the RRB is authorized to disclose to the United States Attorney under the Privacy Act. Concerning plaintiff's arguments that

---

[2]Further, plaintiff's argument that his whistle-blowing activity brought on the OIG investigation is irrelevant to plaintiff's claims now at issue.

6

turning over stolen documents is not a proper RRB purpose, as well as his contention that RRB's routine practice to "take every case to the U.S. Attorney" is not a "routine use," the court finds no sensible meaning in them. Count III is dismissed.

Plaintiff concedes that Count IV for violation of his right to union representation must be dismissed.

Count V claims that the IGA is unconstitutional because it compels an employee to be a witness against himself. As the basis for his claim, plaintiff cites to several sections of the IGA which grant the OIG investigative authority, none of which provisions explicitly or implicitly impinges on an employee's Fifth Amendment privilege. Plaintiff does not allege, as is required to support a Fifth Amendment claim, *Minnesota* v. *Murphy*, 465 U.S. 420, 427 (1984), that he invoked testimonial privilege at the time that the agents sought to interview him. He concedes that he was given an opportunity to be represented by an attorney and that he was given "use immunity," as authorized under the Fifth Amendment. *See, e.g., Kastigar* v. *United States*, 406 U.S. 441 (1972) (immunity from use and derivative use is coextensive with the scope of the privilege and is sufficient to compel testimony over claim of privilege). Where no criminal prosecution is threatened, it is well settled that the Fifth Amendment does not protect a person from responding to questions on pain of losing employment. *See Confederation of Police* v. *Conlisk*, 489 F.2d 891, 894 (7th Cir. 1973) (stating rule that public employer may discharge an employee for refusal to answer where the employer both asks specific questions relating to the employee's official duties and advises the employee of the consequences of his choice, i.e., that failure to answer will result in dismissal but that answers he gives and fruits thereof cannot be used against him in criminal proceedings.). Count V must also be dismissed.

7

## ORDER

For the aforementioned reasons, the court grants defendant's motion to dismiss plaintiff's action with prejudice [# 5], terminating the case.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 20, 2002